## CRANE v. WOOD.

(Court of Civil Appeals of Texas. Ft. Worth. May 6, 1911. Rehearing Denied June 3, 1911.)

1. NEW. TRIAL (§ 102*)—GROUNDS—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

In a suit to recover land, both parties claimed title from the same grantor, and de-

fendant pleaded improvements in good faith, alleging that for about five years prior to his purchase the land was in the actual possession of F. and his heirs. On trial plaintiff proved that F. held as his tenant at will up to the time of defendant's purchase. As a matter of fact, F. died before defendant acquired title; but his heirs retained possession. *Held*, that defendant was not entitled to a new trial on the ground of newly discovered evidence as to the time of F.'s death, for the slightest diligence would have enabled him to show that fact at trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 210–214; Dec. Dig. § 102.*]

**2. TRESPASS TO TRY TITLE (§ 35*)—PLEADINGS AND PROOF.**

In a suit to recover land, where both parties claimed title from the same grantor, and defendant pleaded improvements made in good faith, alleging that up to the time of his acquisition of title the property was in the possession of F., and the plaintiff replied in a supplemental petition, alleging that at the time defendant made his purchase and improvements he knew that his grantor did not own the property, and that he had full notice of plaintiff's title, plaintiff was entitled under the pleadings to show that F. was his tenant at will.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 50–52; Dec. Dig. § 35.*]

**3. TRIAL (§ 114*)—ARGUMENT OF COUNSEL—SCOPE OF ARGUMENT.**

In a land suit, where defendant's answer alleged that at the time of his purchase the land was in the possession of F., and the plaintiff replied in a supplemental petition that defendant had notice of his title at the time of his purchase, and the evidence showed that F. was plaintiff's tenant at will, plaintiff's counsel were entitled to comment on the legal effect of F.'s possession.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 275–278; Dec. Dig. § 114.*]

**4. VENDOR AND PURCHASER (§ 229*)—BONA FIDE PURCHASER FOR VALUE—NOTICE.**

One having sufficient notice to put him on inquiry, which if fairly prosecuted would lead to actual notice, is not a bona fide purchaser for value without notice.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 477–494; Dec. Dig. § 229.*]

**5. TRIAL (§ 260*)—REFUSAL OF INSTRUCTIONS ALREADY GIVEN.**

A requested instruction covered by the charge as given is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Nolan County; Jas. L. Shepherd, Judge.

Action by F. M. Wood against R. C. Crane. From a judgment for plaintiff, defendant appeals. Affirmed.

H. R. Bondies and J. F. Eidson, for appellant. Beall & Beall and L. W. Sandusky, for appellee.

CONNER, C. J. This suit was instituted by the appellee to recover lot 4, block 1, in the city of Sweetwater, and the trial resulted in a verdict and judgment in his favor.

Each of the parties to the litigation deraigned title from Sarah J. Miller. The deed by virtue of which appellee claims was executed by Mrs. Miller, joined by her husband, in February, 1904; that of appellant was executed in August, 1907. At the time of the conveyance to appellant, however, appellee's deed, which was for the correction of a former deed, was not of record, and the questions raised on this appeal in various forms relate to the issue of whether at the time of appellant's purchase he had constructive notice of appellee's deed. Appellee's corrected deed under which he claims was brought about under the advice and supervision of Mr. Ragland, with whom appellant was associated in the practice of the law, and there was evidence of circumstances tending to create inquiry in the mind of a person of reasonable prudence, which if prosecuted with reasonable diligence would have resulted in actual knowledge, and this issue was submitted to the jury. There was also evidence to the effect that at the time of the conveyance to appellant the lot in controversy was in the actual possession of one Dr. Freeman as a tenant at will for appellee, and this issue also was submitted to the jury.

[1] Appellant first insists that the verdict of the jury is based upon a misapprehension of fact or fraud. This contention is based upon the asserted fact that Dr. Freeman died in January, 1906, before the execution of the deed to appellant, and that therefore he could not have been in possession of the lot in controversy at the date of appellant's purchase. This fact, however, if true, was not proven on the trial; it only so appears from an affidavit of the surviving wife of Dr. Freeman made a part of the amended motion for a new trial. It is not contended that appellant thus brought himself within the rule requiring the court to grant a new trial because of newly discovered evidence; nor is it insisted that appellant was surprised by this evidence or the proof of Dr. Freeman's possession, nor when such evidence was offered was there any application to withdraw the announcement of ready for trial or to postpone the hearing in order to disprove the fact of Freeman's relation. Indeed, the record affords little room for any such contention for appellant in his plea of improvements in good faith alleged, among other things, that for about five years prior to his purchase "M. E. Freeman and his heirs had said lot inclosed and in their actual possession using and enjoying the same." The affidavit of Mrs. Freeman also shows that upon the death of Dr. Freeman the possession of the Freemans continued, so that it may be well doubted whether the fact of Dr. Freeman's death if proven would be material. Had it been deemed so, it would seem that the slightest diligence would have enabled appellant to have contested the evidence of possession, for other evi-

dence on the trial tended to show that the lot in controversy adjoined the property of Dr. Freeman, and that its location was known, not only to appellant, but also to his partner, Mr. Ragland, so that on the whole we cannot say the court erred in overruling the motion for a new trial on this ground.

In various forms error is assigned to the following clause of the court's charge: "Again, if you believe from the evidence in this case that Dr. Freeman was in possession of lot No. 4, block 1, in Sweetwater, Tex., prior to and up to the time of Crane's purchase, and that said Freeman was in possession by permission of plaintiff, Wood, then Freeman's possession was Wood's possession, and Freeman was the tenant of Wood, and if you so find and believe, and further believe that Crane failed to make inquiry of Freeman as to his possession, then Crane had notice of Wood's possession, and, if you so find, you will find for the plaintiff."

[2] It is not contended that the charge misstates the law; but it is insisted that the facts therein submitted were not pleaded by the appellee, and therefore should not have been submitted, the contention being that, where a defendant answers "specifically pleading the title under which he claims, for matter in avoidance of his title to become admissible in evidence it must be specially pleaded by the plaintiff." But there can be nothing in this contention, we think, for the only special pleading setting up appellant's title was in his plea for improvements in good faith, from which we have already quoted, and to which plaintiff replied by supplemental petition, to the effect that appellant at the time of his purchase and at the time of making said improvements "knew full well that Sarah J. Miller and J. N. Miller did not own the lot in question in this suit, and that they had parted with their title thereto, and that their title to it was vested in this plaintiff, and that plaintiff was the legal and equitable owner thereof, and was entitled to possession thereof; * * * that the said R. C. Crane, at the time he procured said deed, had full notice of plaintiff's right and title to said land, and at the time he placed said improvements thereon he had such notice, and knew of plaintiff's title, right, and interest in said land, and is not, therefore, an innocent purchaser for value." No exception appears to have been urged to this pleading of the appellee, nor was any objection made to the evidence showing Dr. Freeman's possession.

[3] It is also insisted that the court erred in permitting counsel for appellee to comment in, the closing argument upon the legal effect of Dr. Freeman's possession, for the reason that "the same was not based on any pleading in the case; the evidence adduced on the trial was not in response or reply to anything said in argument by counsel for defendant." The bill of exception further shows that the questions raised in the argument excepted to "were not raised in the opening argument and were for the first time raised at the time" of the objection above noted. The court, however, qualified the bill with the statement that, as already seen, "there was evidence in the record of Freeman's possession, and further that there was no request by counsel to reply to Beall's argument to the court on Freeman's possession." We hardly see how we could justify ourselves in reversing a judgment upon the ground here set out. The fact of Dr. Freeman's possession was obviously one of the material facts in the case, noticed in appellant's pleading, comprehended within that of appellee's pleading, and shown by appellee's testimony without objection, and counsel for appellee could hardly be excused for a failure to advert to the testimony and to its legal effect. And if appellant desired to answer the argument, or, indeed, if he desired to show the fact that Dr. Freeman was not in possession, suggesting surprise or requesting leave to withdraw his announcement, the record fails to disclose it.

[4] The court instructed the jury to the effect that if, at the time of appellant's purchase, he "had knowledge of the deed of correction of Millers to Wood (February —, 1904)," or that if the jury should believe from the evidence "that there were circumstances and information known to Crane which would have put a reasonably prudent man upon inquiry that if fairly prosecuted would have led to the knowledge of the prior deed to Wood of February —, 1904, then you will find for the plaintiff." It is insisted that, while appellant knew of the preparation and forwarding of the deed referred to as hereinbefore stated, there was no evidence that he had any knowledge that it had been executed by the Millers, and that therefore the court erred in the charge and also erred in refusing a special instruction intended to correct this defect. Possibly, the court's charge is susceptible of the construction placed upon it by appellant; but it is by no means clearly so, and we do not think it would have been proper to instruct the jury that it was necessary that appellant should have knowledge of the actual execution of the deed. All that was necessary was that appellant have knowledge of such circumstances and information as would have put a reasonably prudent man upon inquiry, and which if fairly prosecuted would have led to a knowledge of the execution of the deed of correction from the Millers, and this was all that the court's charge required, and more than this ought not to have been required.

[5] Appellant also complains of the rejection of a special charge, which, among other things, instructed the jury that if they believed "that Crane made such inquiry as a reasonably prudent man would under the

same or similar circumstances, and from such inquiry did not learn of said deed of Millers to Wood of February ——, 1904," they would find for the defendant. We think it exceedingly doubtful whether it can be said that the evidence raises this issue, for the statement of facts shows no inquiry from any person as to what had become of the deed prepared by Mr. Ragland and forwarded to appellee. Appellant failed to inquire of appellee or of the actual possessors of the lot at the time, and seems only to have inquired to ascertain the amount of back taxes due and of the Millers their willingness to make the deed to him afterwards executed by them. Had he inquired of the Millers whether they had ever executed the deed to appellee, they would perhaps have recalled it, even though no inquiry had been made of appellee, whose continuous residence seems to have been at Denison, where the Millers live, although he was at times temporarily absent. We think the subject was sufficiently presented in the court's charge, and there was no error, therefore, in refusing the special charge.

What we have said disposes of all the material questions presented by the assignments, and we conclude that the judgment must be affirmed.